# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KAREN REED,

    Plaintiff,                                  Case No. 8:20-cv-02609

v.

ASSET RECOVERY SOLUTIONS, LLC,

    Defendant.

_____/

## COMPLAINT

**NOW COMES** Karen Reed ("Plaintiff"), by and through her undersigned attorney, complaining of the Defendant, Asset Recovery Solutions, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida, Defendant conducts business in the Middle District of Florida, and a substantial portion the events or omissions giving rise to the claims occurred within the Middle District of Florida.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency with its headquarters located at 2200 East Devon Avenue, Suite 200, Des Plaines, Illinois 60018. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due using the mail and telephone from consumers across the country, including consumers in the state of Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

7. Prior to the conduct giving rise to this cause of action, Plaintiff incurred a debt on her Capital One credit card ("subject debt").

8. Due to financial hardship, Plaintiff was unable to make payments and therefore defaulted on the subject debt.

9. Defendant acquired the rights to collect upon the subject debt after it was in default.

10. In November 2019, Plaintiff noticed the subject debt reporting on her credit reports.

11. Plaintiff emailed Defendant on November 4, 2019 to attempt to settle the subject debt.

12. Plaintiff reached an agreement with Defendant in which she was required to pay $841.48 to settle the subject debt in full.

13. On November 5, 2019, Plaintiff paid Defendant $841.48, thereby settling the subject debt in full in accordance with her agreement with Defendant.

14. Despite settling the subject debt as agreed, Defendant sold or assigned the subject debt to Portfolio Recovery Associates, LLC ("PRA") in March 2020 in an attempt to maximize its profits in connection with the subject debt and at Plaintiff's expense.

15. In or around August 2020, Plaintiff checked her credit reports and saw that PRA was reporting the subject debt with an open balance of "$840," an account status of "open," remarks stating "consumer disputes after resolution," and "collection account."

16. Plaintiff was confused and worried by PRA's credit reporting of the subject debt because the subject debt had already been settled with Defendant.

17. Despite not owing the subject debt, PRA's credit reporting portrayed to Plaintiff that the subject debt was still due, owing, and had been sold or assigned to PRA to collect the subject debt a second time.

18. Plaintiff felt extremely worried that there could be negative consequences if she did not pay the debt, even though she had been previously settled the subject debt in full with Defendant.

19. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

20. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

### COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. The subject debt that Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

24. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

25. Defendant sold the subject debt to PRA after it was fully settled, thereby conveying that the subject debt was collectible as a matter of law and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its unlawful collection practices.

    a. **Violations of FDCPA §1692e**

27. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. The subject debt was not owed at the time Defendant sold the debt to PRA.

28. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant sold the subject debt for further collection, despite Plaintiff not owing the subject debt, which had previously been settled in full and released. Defendant knew Plaintiff did not have any legal obligation to pay the subject debt, but despite having actual knowledge, Defendant sold the subject debt to PRA and ultimately breached its duty under the prior agreement.

29. Furthermore, Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt as Defendant sold the debt even though it had previously been settled and released by Defendant.

30. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the subject debt, Defendant led Plaintiff to believe she owed a debt that she did not truly owe. By selling the

subject debt to PRA for further collection after Plaintiff had already paid to settle the subject debt in full, Defendant has violated the FDCPA.

    **b. Violation of FDCPA §1692f**

31. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was not owed at the time that Defendant sold the subject debt to PRA to continue collection of a debt that was settled and released.

32. Defendant violated §1692f(1) by attempting to collect the subject debt from Plaintiff when she no longer owed the subject debt as it was settled and released from Plaintiff's obligations. By operation of law, Defendant did not have a legal right to sell the subject debt as it was not legally owed after November 5, 2019, when Plaintiff and Defendant reached a settlement agreement.

33. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

34. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

35. Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff KAREN REED requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: November 6, 2020                          Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com